FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-0419-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF No. 17, 18 |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Christopher H. Dellert represents Susan M. (Plaintiff); Special Assistant United States Attorney Martha A. Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

In 2018, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability since January 1, 2015, due to PTSD, borderline personality disorder, anxiety, social isolation, anger management

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

issues, easily agitated, depression, sleep disorder/insomnia, racing thoughts, and low blood pressure. Tr. 236, 241, 274. Plaintiff later amended the alleged disability onset date to August 15, 2017. Tr. 33. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on May 6, 2020, Tr. 29-61, and issued an unfavorable decision on May 21, 2020, Tr. 15-24. The Appeals Council denied Plaintiff's request for review on September 8, 2020. Tr. 1-6. The ALJ's May 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 10, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on November 21, 1976, Tr. 236, and was 40 years old on the amended disability onset date, August 15, 2017, Tr. 33. She completed school through the 11th grade, attending special education classes, and had not earned a GED. Tr. 36, 275. Plaintiff's disability report indicates she stopped working on June 1, 2015, because of her conditions. Tr. 275. Plaintiff testified at the administrative hearing she had problems with her right hand and was unable to lift anything over 10 pounds or type or write very much without causing pain. Tr. 37-38, 48. She additionally complained of low back pain, Tr. 39, 41, and described mental health issues, Tr. 42-45. For hand pain, Plaintiff had been prescribed physical therapy and took Tylenol and ibuprofen. Tr. 41-42. She also used warm water and massaged her hand to relieve pain. Tr. 49. With respect to her mental impairments, Plaintiff indicated medications had helped "a little bit." Tr. 44, 45.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful

activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 21, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 15, 2017, the alleged disability onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, borderline personality disorder, right de Quervain's disease, and obesity. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she could never crawl or climb ladders, ropes, or scaffolds; could only occasionally stoop and climb flights of stairs; could frequently handle and finger objects with her dominant right hand; must avoid all exposure to extreme cold temperatures, excessive vibrations, and unprotected heights; and could perform only simple, routine, unskilled tasks involving only occasional and superficial interaction with the public. Tr. 19.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 22.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that

exists in significant numbers in the national economy, including the jobs of hotel housekeeper, mail clerk, and office helper. Tr. 22-23.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 15, 2017, the alleged disability onset date, through the date of the ALJ's decision, May 21, 2020. Tr. 23-24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred: (1) in his consideration of Plaintiff's allegations about the severity and functional impact of her de Quervain's disease; and (2) in his weighing of the medical opinion evidence related to Plaintiff's mental impairments. ECF No. 17 at 2.

## DISCUSSION

### A.  Plaintiff's Subjective Complaints

Plaintiff challenges the ALJ's rejection of her subjective allegations. ECF No. 17 at 5-12. Defendant responds that the ALJ reasonably evaluated Plaintiff's subjective complaints. ECF No. 18 at 3-8.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20.

The ALJ first determined Plaintiff's allegations of disabling impairments were not consistent with the objective medical evidence of record. Tr. 20-22.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Although Plaintiff asserts the ALJ erred by failing to properly consider her physical impairment (the impact of de Quervain's disease on her right hand), ECF No. 17 at 6-7, the ALJ noted the record reflected right hand injuries and treatment, but that there was no evidence of any treatment or complaint beyond August 2018, Tr. 20. Moreover, Plaintiff's disability report fails to mention a physical condition that limited her ability to work, Tr. 274, yet the ALJ still found right de Quervain's to be a severe impairment, Tr. 17, and limited Plaintiff to frequent handling and fingering with her dominant right hand, Tr. 19. The objective medical evidence reflects no greater limitations with respect to Plaintiff's right hand.

The ALJ also found that while Plaintiff had sought treatment for depression and anxiety, these conditions had repeatedly been listed as "mild" with no significant depressive or anxiety complaints or limitations. Tr. 20, 21. Plaintiff has not contested this finding by the ALJ. The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), and will not "manufacture arguments for an appellant," *Greenwood v. Fed.*

*Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by discrediting Plaintiff's claims based on a lack of supporting objective medical evidence regarding her mental health is deemed waived.

The Court finds substantial evidence supports the ALJ's finding that the objective medical evidence of record demonstrates Plaintiff was not as limited as she alleged.

The ALJ also held that while Plaintiff was treated for a right hand injury in August 2017, there was no evidence Plaintiff sought treatment or complained about hand issues beyond August 2018.  Tr. 20.

In assessing a claimant's subjective complaints, an ALJ properly relies upon "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  "[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p.  Moreover, an "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Plaintiff's briefing concedes the record reflects Plaintiff last reported issues related to her hand in August 2018, she was given a corticosteroid injection and advised to wear a splint, she was instructed to follow-up as needed, and there is no indication in the record of anything further related to her right hand.  ECF No. 17

at 10. Because there was no evidence of any treatment or complaint regarding Plaintiff's right hand beyond August 2018 (18 months prior to the administrative hearing), the ALJ appropriately noted this failure to seek treatment as rationale for discounting her subjective complaints.

The ALJ additionally mentioned Plaintiff's reports of doing well following treatment on her hand and a stabilization of her mental health symptoms. Tr. 20-21.

An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

Plaintiff had received treatment for a right hand injury in August 2017. In January 2018, she underwent a procedure for flexor tendon tenolysis FDP and FDS[2] of the right little finger. Tr. 461. In August 2018, Plaintiff presented with right thumb pain following her performance of "a lot of repetitive activity around her house and yard." Tr. 436. She was given a corticosteroid injection and advised to wear a splint. Tr. 437. As stated above, there is no further record evidence pertaining to Plaintiff's right hand beyond August 2018. This suggests Plaintiff's right hand issues had resolved or improved significantly following treatment; a valid reason for discounting Plaintiff's subjective complaints.
///

---

[2]Flexor Digitorum Profundus (FDP) is the muscle in the forearm that flexes the fingers. Flexor Digitorum Superficialis (FDS) is the middle muscle on the anterior side of the forearm that is the primary flexor of the joints of the middle phalanges (digits 2-5).

With respect to Plaintiff's mental health complaints, Plaintiff was first referred for a mental health evaluation by her primary care physician in March 2017. Tr. 20, 336. Plaintiff was diagnosed with major depressive disorder, recurrent episode, but mild in severity. Tr. 20, 341. She was started on Celexa.[3] Tr. 342. The ALJ indicated Plaintiff subsequently faced situational stressors, but also noted Plaintiff had since been assessed as stable and her depression as mild in severity. Tr. 21. Plaintiff, again, has not specifically contested these findings by the ALJ. *See Carmickle*, 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief). Plaintiff's improved mental health following treatment was an additional valid reason, supported by substantial evidence, for discounting Plaintiff's subjective complaints.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

///

///

---

[3]Plaintiff testified at the administrative hearing that medications had helped her mental health "a little bit." Tr. 44, 45; *see also* Tr. 506 ("Celexa taking – notices improvement").

**B.     Albert Wertz, D.O.**

Plaintiff next contends the ALJ erred by failing to give legally sufficient reasons for rejecting the medical opinions of Albert Wertz, D.O., regarding Plaintiff's mental impairments. ECF No. 17 at 12-16. Defendant responds that the ALJ reasonably evaluated the medical evidence of record. ECF No. 18 at 8-17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

///

///

///

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

On June 11, 2018, Dr. Wertz completed a "Mental Source Statement" for Plaintiff. Tr. 500-502. Dr. Wertz opined Plaintiff was markedly limited in multiple functional domains, would likely be off task over 30% of the time during a 40-hour workweek, and would miss four or more days of work per month. Tr. 500-502. Dr. Wertz commented Plaintiff struggled with simple medication management and participation in her recovery due to poor coping skills and mental illness. Tr. 502.

The ALJ found the opinion of Dr. Wertz unpersuasive, noting Plaintiff's mental health diagnoses and symptomatology would be outside his area of expertise, his opinion that Plaintiff was "markedly" limited in several mental activities was unsupported, and his assessment was not consistent with Plaintiff's treatment records. Tr. 21-22.

As to supportability, as noted by the ALJ, Dr. Wertz provided no objective support for his findings that Plaintiff's mental activities were "markedly" limited. Tr. 21. The "Mental Source Statement" completed by Dr. Wertz, Tr. 500-502, is a check-box form with no explanation or analysis provided for the conclusions he

reached on the form. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). Dr. Wertz' only comment on the form is as follows: "Patient struggles w/simple med management and participation in her recovery due to poor coping skills and mental illness." Tr. 502. This comment does not provide an adequate basis for the multiple marked limitations assessed on the form. Dr. Wertz' opinion that Plaintiff had marked limitations and substantial work-related restrictions is not supported.

With respect to consistency, the ALJ determined Dr. Wertz' marked limitation findings and work-related restrictions were inconsistent with Plaintiff's treatment records showing her counseling revolved around her relationships and current living hardships, with no significant complaints or limitations from depression and anxiety, which continued to be characterized as mild. Tr. 21-22.

Plaintiff was first referred for a mental health evaluation in March 2017. Tr. 336. Plaintiff was diagnosed with major depressive disorder, recurrent episode, but mild in severity and was started on Celexa. Tr. 341-342. Plaintiff thereafter reported she noticed improvement from taking mental health medications. Tr. 44, 45, 506. As noted by the ALJ, Plaintiff subsequently faced situational stressors, but had since been assessed as stable and her depression as mild in severity. Tr. 21, 341 (noted situational stressors and diagnosed major depressive disorder, recurrent episode, but mild in severity), 377-378 (same), 409, 508 (noting Plaintiff was calm, relaxed, and joking appropriately), 587-588 (noting situational stressors, but that she "puts a smile on her face and keeps going"), 708. The ALJ also found persuasive the opinions of other medical professionals regarding Plaintiff's mental health. Tr. 21. State agency psychological consultants Jan L. Lewis, Ph.D., and Edward Beaty, Ph.D., opined Plaintiff could perform simple one to three step tasks and complex, detailed tasks with adequate concentration, persistence, and pace for two-hour intervals in the work setting, although her

concentration, persistence, and pace may be disrupted at times due to her symptoms. Tr. 72, 98. These medical records contrast with the more extreme findings noted on Dr. Wertz' "Mental Source Statement." Tr. 500-502.

Dr. Wertz's opinions were not consistent with the foregoing medical evidence.

The ALJ also mentioned Plaintiff's mental health diagnoses and symptomatology would be outside of Dr. Wertz' area of expertise. Tr. 21. The fact that all or part of a medical opinion is outside the scope of the opining medical professional's expertise is a valid reason to discredit that medical opinion. *See Bollinger v. Barnhart*, 178 Fed. App'x 745, 746 n. 1 (9th Cir. 2006) (holding that an ALJ properly discounted a psychologist's opinion regarding physical limitations because it was beyond the psychologist's expertise); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 2 (9th Cir. 2001) ("[A] treating physician's opinion on some matter may be entitled to little if any weight . . . if the treating physician . . . offers an opinion on a matter not related to her or his area of specialization."). Here, contrary to the ALJ's statement, Dr. Wertz, a psychiatrist, was qualified to evaluate Plaintiff's mental health. Nevertheless, given substantial evidence supports the ALJ's assessment of the supportability and consistency of Dr. Wertz' opinion, the Court finds this error by the ALJ is harmless. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result). An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

Based on the foregoing, the Court finds the ALJ provided sufficient rationale for finding unpersuasive the limitations assessed by Dr. Wertz on the June 2018 Mental Source Statement form.

///

///

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED August 11, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE